1  WRIGHT, FINLAY & ZAK, LLP
   Edgar C. Smith, Esq.
2  Nevada Bar No. 005506
3  Ace C. Van Patten, Esq.
   Nevada Bar No. 11731
4  7785 W. Sahara Ave., Suite 200
   Las Vegas, NV 89117
5  (702) 475-7964; Fax: (702) 946-1345
6  esmith@wrightlegal.net
   avanpatten@wrightlegal.net
7
8  *Attorneys for Citibank, N.A., not in its individual capacity but solely as Trustee for NRZ Pass-Through Trust VI*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>RAVENSTAR INVESTMENTS, LLC,<br><br>Debtor.<br>_____<br>CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR NRZ PASS−THROUGH TRUST VI,<br><br>Appellant,<br><br>v.<br><br>RAVENSTAR INVESTMENTS, LLC,<br><br>Appellee. | Case No: 3:17-cv-00656-RCJ<br><br>BK−17−50751−btb<br>Chapter 11<br><br>Appeal Reference Number: 17−52<br><br>**STIPULATION REGARDING DISMISSAL OF APPEAL** |

Appellant, Citibank, N.A., not in its individual capacity but solely as Trustee for NRZ Pass-Through Trust VI ("Citibank"), and the Appellee Debtor, Ravenstar Investments, LLC ("Ravenstar" or "Debtor") by and through their respective counsel, hereby agree to the following stipulated order (the "Stipulation") dismissing the appeal in light of the subsequent settlement of the issues underlying the instant appeal.

## I. BRIEF BACKGROUND

1. On or about April 25, 2006, How-Tzu Huang (hereinafter "Borrower") executed a promissory note secured a Deed of Trust encumbering the real property located at 4832 Meadow Springs, Reno, Nevada 89509 (the "Meadow Springs Property"). All beneficial interest in the Deed of Trust was formally assigned to Citibank.

2. Following the Borrower's death, on March 5, 2009, a Verified Petition for Appointment of Special Administrator and Issuance of Special Letters of Administration over Borrower's estate was filed in the Second Judicial District Court, County of Washoe, State of Nevada and was assigned case number PR09-00095 (the "Probate Case"). On March 17, 2009, an Order granting Petition for Appointment of Special Administrator and Issuance of Special Letters of Administration was filed, appointing Tudor Chirila as Special Administrator over Borrower's estate (the "Special Administrator").

3. On May 31, 2017, a Quitclaim Deed was recorded in the Washoe County Recorder's Office purporting to reflect The Estate of How Tzu Huang, Tudor Chirila, Executor, as Grantor, transferred all interest in the Meadow Springs Property to Debtor (the "Quitclaim Deed"). No approval of this transaction was obtained from the Probate Court.

4. On June 18, 2017, Debtor filed the instant Chapter 11 case.

5. That same day, on June 18, 2017, Debtor filed an Objection to Citibank's Claim [ECF 6][1] (hereinafter "Objection to Claim"), a Motion to Avoid Citibank's Deed of Trust [ECF 7] (hereinafter "Motion to Avoid"), and a Motion to Sell the Property Free and Clear of All Liens [ECF 8] (hereinafter "Motion to Sell") (collectively, "Debtor's Motions").

6. An Order Granting the Motion to Sell [ECF 43] was entered on July 13, 2017, the Order Granting the Objection to Claim [ECF 55] and Order Granting Motion to Avoid Lien [ECF 56] were then entered on August 4, 2017.

7. On October 4, 2017, Debtor filed an Application for Order: (1) Finding Citibank, N.A. in Contempt; (2) Enforcing this Courts Orders by Compelling Citibank, N.A.

---

[1] All ECF references relate to documents filed in the underlying bankruptcy action, assigned as BK−17−50751−btb

and Barrett Daffin Frappier Treder & Weiss, LLP to Comply with NRS 107.077; (3) Awarding Coercive Civil Sanctions to Compel Compliance with this Court's Orders; and (4) Awarding of Attorneys Fees & Costs to Debtor [ECF 135] (hereafter "Motion for Contempt"). On October 13, 2017, Citibank filed its Opposition to the Motion for Contempt [ECF 152] ("Opposition"), and Debtor filed a Reply on October 16, 2017 [ECF 156], and Citibank filed a Sur-Reply on October 25, 2017 [ECF 217].

8. On October 25, 2017, the Bankruptcy Court entered an Order Regarding Hearing on Debtor's Motion for Order (ECF No. 135) [ECF 209] ordering that Citibank record a reconveyance by October 26, 2017. On November 1, 2017, the Bankruptcy Court entered an Order Granting the Motion for Contempt [ECF 267] sanctioning Citibank and Aldridge Pite which both doubled and compounded each day after October 30, 2017, on which the Deed of Trust had not been reconveyed.

9. Collectively, the Order Regarding Hearing on Debtor's Motion for Order [ECF 209] and Order Granting the Motion for Contempt [ECF 267] are referred to as "the Debtor's Contempt Orders.

10. Citibank subsequently appealed the Order Granting the Motion for Contempt to the instant Court as case number 3:17-cv-00565 (the "Appeal") on October 30, 2017.

11. As part of an emergency motion filed as part of the Appeal, this Court granted a ten (10) day stay of the Debtor's Contempt Orders.

12. In order to address concerns raised by this Court, Citibank thereafter filed a Motion for Stay Pending Appeal [ECF 297], Motion to Set Aside Debtor's Orders [ECF 298] and a Motion to Confirm No Automatic Stay is in Effect, or alternatively, Motion for Relief from the Automatic Stay [ECF 299] (collectively "Citibank's Motions") before the Bankruptcy Court, requesting that Citibank's Motions be heard on shortened notice.

13. Thereafter, Debtor and Citibank negotiated and submitted a stipulation ("the Bankruptcy Stipulation") to the Bankruptcy Court staying the Debtor's Contempt Orders, and allowing Citibank's Motions to be heard in the ordinary course. [ECF 308].

14. Thereafter, as part of an agreement which resolved the Debtor's Contempt

Orders, the Debtor's Motions, Citibank's Motions, and related issues, a stipulation vacating the Debtor's Contempt Orders and the orders on Debtor's Motions (the "Bankruptcy Stipulation") and withdrawing Citibank's Motions. A copy of the Bankruptcy Stipulation is attached hereto as **Exhibit 1**.

**ACCORDINGLY, IT IS HEREBY STIPULATED THAT**:

1. The instant appeal has been rendered moot by the Bankruptcy Stipulation, and that the instant appeal may be dismissed pursuant to Federal Rule of Appellate Procedure 42.

**IT IS SO STIPULATED:**

Dated this 26th day of March, 2018.　　　　DARBY LAW PRACTICE, LTD.

　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Kevin A. Darby, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　Kevin A. Darby, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　*Attorney for Debtor*

Dated this 26th day of March, 2018.　　　　WRIGHT, FINLAY & ZAK, LLP

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Ace C. Van Patten, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　Ace C. Van Patten, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Citibank N.A.*

**IT IS SO ORDERED.**

March 27, 2018.　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　DISTRICT COURT JUDGE

# EXHIBIT 1

# EXHIBIT 1

| | |
|---|---|
| 1 | WRIGHT, FINLAY & ZAK, LLP |
| 2 | Edgar C. Smith, Esq.<br>Nevada Bar No. 005506 |
| 3 | Ace C. Van Patten, Esq.<br>Nevada Bar No. 11731 |
| 4 | 7785 W. Sahara Ave., Suite 200 |
| 5 | Las Vegas, NV 89117<br>(702) 475-7964; Fax: (702) 946-1345 |
| 6 | esmith@wrightlegal.net<br>avanpatten@wrightlegal.net |
| 7 | *Attorneys for Citibank, N.A., not in its individual capacity but solely as Trustee for NRZ Pass-Through Trust VI* |
| 8 | |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | BK−17−50751−btb<br>Chapter 11 |
| RAVENSTAR INVESTMENTS, LLC, | |
| Debtor. | **STIPULATION (1) VACATING AND SETTING ASIDE ORDERS; AND (2) WITHDRAWING MOTIONS RELATING TO 4832 MEADOW SPRINGS, RENO, NEVADA.** |

Citibank, N.A., not in its individual capacity but solely as Trustee for NRZ Pass-Through Trust VI ("Citibank"), and Debtor, Ravenstar Investments, LLC ("Ravenstar" or "Debtor") by and through their respective counsel, hereby agree to the following stipulated order (the "Stipulation") vacating and setting aside the orders relating to the real property located at 4832 Meadow Springs, Reno, Nevada 89509 (the "Meadow Springs Property") and withdrawing Citibank's motions relating to the same.

**I.     BRIEF BACKGROUND**

1.     On or about April 25, 2006, How-Tzu Huang (hereinafter "Borrower") executed a promissory note secured a Deed of Trust encumbering the Meadow Springs Property. All beneficial interest in the Deed of Trust was formally assigned to Citibank.

2.     Following the Borrower's death, on March 5, 2009, a Verified Petition for Appointment of Special Administrator and Issuance of Special Letters of Administration over

Borrower's estate was filed in the Second Judicial District Court, County of Washoe, State of Nevada and was assigned case number PR09-00095 (the "Probate Case"). On March 17, 2009, an Order granting Petition for Appointment of Special Administrator and Issuance of Special Letters of Administration was filed, appointing Tudor Chirila as Special Administrator over Borrower's estate (the "Special Administrator").

3. On May 31, 2017, a Quitclaim Deed was recorded in the Washoe County Recorder's Office purporting to reflect The Estate of How Tzu Huang, Tudor Chirila, Executor, as Grantor, transferred all interest in the Meadow Springs Property to Debtor (the "Quitclaim Deed"). No approval of this transaction was obtained from the Probate Court.

4. On June 18, 2017, Debtor filed the instant Chapter 11 case.

5. That same day, on June 18, 2017, Debtor filed an Objection to Citibank's Claim [ECF 6] (hereinafter "Objection to Claim"), a Motion to Avoid Citibank's Deed of Trust [ECF 7] (hereinafter "Motion to Avoid"), and a Motion to Sell the Property Free and Clear of All Liens [ECF 8] (hereinafter "Motion to Sell") (collectively, "Debtor's Motions").

6. An Order Granting the Motion to Sell [ECF 43] was entered on July 13, 2017, the Order Granting the Objection to Claim [ECF 55] and Order Granting Motion to Avoid Lien [ECF 56] were then entered on August 4, 2017.

7. On October 4, 2017, Debtor filed an Application for Order: (1) Finding Citibank, N.A. in Contempt; (2) Enforcing this Courts Orders by Compelling Citibank, N.A. and Barrett Daffin Frappier Treder & Weiss, LLP to Comply with NRS 107.077; (3) Awarding Coercive Civil Sanctions to Compel Compliance with this Court's Orders; and (4) Awarding of Attorneys Fees & Costs to Debtor [ECF 135] (hereafter "Motion for Contempt"). On October 13, 2017, Citibank filed its Opposition to the Motion for Contempt [ECF 152] ("Opposition"), and Debtor filed a Reply on October 16, 2017 [ECF 156], and Citibank filed a Sur-Reply on October 25, 2017 [ECF 217].

8. On October 25, 2017, the Court entered an Order Regarding Hearing on Debtor's Motion for Order (ECF No. 135) [ECF 209] ordering that Citibank record a reconveyance by October 26, 2017. On November 1, 2017, the Court entered an Order

Granting the Motion for Contempt [ECF 267] sanctioning Citibank and Aldridge Pite which both doubled and compounded each day after October 30, 2017, on which the Deed of Trust had not been reconveyed.

9. Collectively, the Order Regarding Hearing on Debtor's Motion for Order [ECF 209] and Order Granting the Motion for Contempt [ECF 267] are referred to as "the Debtor's Contempt Orders.

10. Citibank subsequently appealed the Order Granting the Motion for Contempt to the U.S. District Court as case number 3:17-cv-00565 (the "U.S. District Court Appeal") on October 30, 2017.

11. As part of an emergency motion filed before the U.S. District Court as part of the U.S. District Court Appeal, the Court granted a ten (10) day stay of the Debtor's Contempt Orders.

12. In order to address concerns raised by the District Court, Citibank filed in the Bankruptcy Court a Motion for Stay Pending Appeal [ECF 297], Motion to Set Aside Debtor's Orders [ECF 298] and a Motion to Confirm No Automatic Stay is in Effect, or alternatively, Motion for Relief from the Automatic Stay [ECF 299] (collectively "Citibank's Motions"). The Citibank's Motions are currently pending.

13. Thereafter, Debtor and Citibank negotiated and submitted a stipulation ("the Bankruptcy Stipulation") to the Bankruptcy Court staying the Debtor's Contempt Orders, and allowing Citibank's Motions to be heard in the ordinary course. [ECF 308].

14. Recently, Debtor and Citibank entered into an agreement which resolved (i) the Debtor's Contempt Orders, (ii) the Debtor's Motions, (iii) Citibank's Motions, and (iv) all related issues (the "Agreement").

**IT IS HEREBY STIPULATED THAT**:

1. The Debtor's Contempt Orders [ECF 209 and 267] shall be vacated and set aside in their entirety.

2. The Order Granting the Motion to Sell [ECF 43] entered on July 13, 2017, the Order Granting the Objection to Claim [ECF 55] and Order Granting Motion to Avoid Lien

[ECF 56] entered on August 4, 2017 shall all be vacated and set aside in their entirety.

3. Citibank's Motion to Set Aside Debtor's Orders [ECF 298] and Motion to Confirm No Automatic Stay is in Effect, or alternatively, Motion for Relief from the Automatic Stay [ECF 299] shall be withdrawn without prejudice, and all hearings on the same vacated.

**IT IS SO STIPULATED:**

Dated this 26th day of March, 2018.　　　DARBY LAW PRACTICE, LTD.

　　　　　　　　　　　　　　　　　　　　/s/ Kevin A. Darby, Esq.
　　　　　　　　　　　　　　　　　　　　Kevin A. Darby
　　　　　　　　　　　　　　　　　　　　*Attorney for Debtor*

Dated this 26th day of March, 2018.　　　WRIGHT, FINLAY & ZAK, LLP

　　　　　　　　　　　　　　　　　　　　/s/ Ace C. Van Patten, Esq.
　　　　　　　　　　　　　　　　　　　　Ace C. Van Patten, Esq.
　　　　　　　　　　　　　　　　　　　　*Attorneys for Citibank*